IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK STEPHEN FITZPATRICK,        :

    Plaintiff,                :

vs.                              :    CIVIL ACTION 10-00275-KD-B

GEORGE HARDESTY,                 :

    Defendant.                :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama inmate proceeding pro se, filed a handwritten Complaint together with a request to proceed in forma pauperis. (Docs. 1, 2). In his Complaint, Plaintiff alleges that Defendant George Hardesty, a state court judge, violated Plaintiff's constitutional rights when he refused to entertain Plaintiff's motion seeking reconsideration of his sentence. Plaintiff also asserts that he is seeking relief under Title 18 U.S.C. §§ 241 and 242.

Based on Plaintiff's allegations against Judge Hardesty in his capacity as a state court judge, the Court, in an Order dated June 9, 2010 (Doc. 3) directed Plaintiff to refile his Complaint on the court's form for actions alleging violations of § 1983 and to file his request to proceed in forma pauperis on

the Court's form for motions to proceed without prepayment of costs.

In response to the Court's Order, Plaintiff filed a letter in which he advised the Court that he did not desire to file a § 1983 action because Defendant Hardesty, a state court judge, would be immune from such a claim. (Doc. 4). Plaintiff further advised that he wished to pursue his claim against Defendant Hardesty under 18 U.S.C. § § 241 and 242. Plaintiff also failed to file the Court's form for motions to proceed without prepayment of costs.

In an Order dated August 12, 2010 (Doc. 5), Plaintiff was advised that 18 U.S.C. § § 241 and 242 are criminal statutory provisions which authorize prosecution for the deprivation of rights under color of state laws, and that no civil remedy is provided by these statutes. Additionally, Plaintiff was advised that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375, 379-82 (2d Cir. 1973) (affirming the dismissal of a complaint seeking the investigation and prosecution of persons who allegedly violated federal and state criminal statutes). Thus, his claim alleging violations of 18 U.S.C. § 241 or § 242 was subject to dismissal as frivolous.

The Court ordered Plaintiff to show cause, in writing, on or before September 13, 2010 why his action should not be dismissed for failure to comply with the Court's previous Order.(Doc. 5) Plaintiff was also directed to file a completed form for a § 1983 complaint and for a motion to proceed without prepayment of fees on or before September 13, 2010 if he wanted to proceed with this action.  Plaintiff was cautioned that the failure to timely comply with the Court's Order would be treated as an abandonment of this action and that dismissal would be recommended.

In the Court's Order dated August 12, 2010 (Doc. 5), the Court also observed that Mobile County Metro Jail officials had confirmed that Plaintiff is no longer incarcerated at that facility, and that Plaintiff had failed to notify the Court of a change in his address notwithstanding the fact that he was directed to do so in the Court's Order of June 9, 2010. (Doc. 3 at 1).  Because Plaintiff's address of record was no longer valid, the Clerk was directed to forward the Court's Order to the address of Plaintiff's mother, Helen Fitzpatrick, at 4355 Birchwood Drive West, Mobile, Alabama, since that is the only other address provided by Plaintiff.(Doc. 1 at 2).

A review of the docket reflects that Plaintiff has not responded in any manner to the Court's Order (Doc. 5), nor has his copy of the Order and forms been returned to the Court.

Given Plaintiff's inaction, including his failure to file a proper motion to proceed without prepayment of fees, and to keep the Court appraised of his current address, it appears that he has likely lost interest in this litigation, and elected to abandon the prosecution of this action. Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage

4

actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **21st** day of **September, 2010.**

                                        _____/S/ **SONJA F. BIVINS**_____
                                   **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/S/ SONJA F. BIVINS  
**UNITED STATES MAGISTRATE JUDGE**